# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12560 (BLS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the WOODBRIDGE LIQUIDATION TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH RUBIN INC., a New York corporation; and JOSEPH RUBIN, and individual,<br><br>Defendants. | Adversary Pro. No. 19-50918 (BLS) |

**ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANTS TO ADVERSARY
COMPLAINT FOR (I) AVOIDANCE AND RECOVERY OF
AVOIDABLE TRANSFERS; AND (II) FOR SALE OF UNREGISTRERED
SECURITIES, FOR FRAUD, AND FOR AIDING AND ABETTING FRAUD**

Defendants Joseph Rubin Inc. and Joseph Rubin (together, the "Defendantss"), by and through their undersigned counsel, hereby answer Plaintiff's Complaint and assert their affirmative defenses. All allegations not expressly admitted herein are denied.

---

[1] The Remaining Debtors and the last four digits of its respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172).

## NATURE OF THE ACTION

1. Defendants have insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis deny the allegations.

2. Defendants have insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis deny the allegations.

3. Defendants have insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis deny the allegations.

## JURISDICTION AND VENUE

4. This paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 4 are denied.  Defendants do not consent to entry of a final order of judgment by this Court.

5. This paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 5 are denied.

## THE PARTIES

6. Admitted

7. Admitted

8. Admitted

9. Admitted

10. Admitted

11. This paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 11 are denied.

12. This paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 12 are denied.

13. Admitted that Defendant Joseph Rubin Inc. is a New York Company.

14. Admitted that Defendant Joseph Rubin is an individual residing in the State of New York.

15. Denied.

16. Denied.

## FACTUAL BACKGROUND

17. This paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 17 are denied.

18. Admitted that Defendants were not registered as broker-dealers with the SEC or applicable state agencies. The remainder of the paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 18 are denied.

19. Defendants have insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis deny the allegations.

20. Defendants have insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis deny the allegations.

21. Defendants have insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis deny the allegations.

22. Admitted that the Defendants received certain transfers from one or more of the Debtors in the 90 days prior to the filing of the bankruptcy petitions. Denied as to the remainder of allegations contained in paragraph 22 of the Complaint.

23. Admitted that the Defendants received certain transfers from one or more of the Debtors in the two years prior to the filing of the bankruptcy petitions. Denied as to the remainder of allegations contained in paragraph 23 of the Complaint.

24. Admitted that the Defendants received certain transfers from one or more of the Debtors in the four years prior to the filing of the bankruptcy petitions. Denied as to the remainder of allegations contained in paragraph 24 of the Complaint.

### FIRST CLAIM FOR RELIEF

**Avoidance and Recovery of Preferential Transfers**

25. Defendants incorporate their responses to the allegations in paragraphs 1- 24 of the complaint as if fully set forth herein.

26. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 26 are denied.

27. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 27 are denied.

28. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 28 are denied.

29. Denied.

### SECOND CLAIM FOR RELIEF

**Avoidance and Recovery of Actual Intent Fraudulent Transfers – Bankruptcy Code**

30. Defendants incorporate their responses to the allegations in paragraphs 1- 29 of the complaint as if fully set forth herein.

31. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 31 are denied.

32. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 32 are denied.

33. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 33 are denied.

34. Denied.

### THIRD CLAIM FOR RELIEF

**Avoidance and Recovery of Constructive Fraudulent Transfers – Bankruptcy Code**

35. Defendants incorporate their responses to the allegations in paragraphs 1- 34 of the complaint as if fully set forth herein.

36. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 36 are denied.

37. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 37 are denied.

38. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 38 are denied.

39. Denied.

### FOURTH CLAIM FOR RELIEF

**Avoidance and Recovery of Actual Intent Voidable Transactions – State Law**

40. Defendants incorporate their responses to the allegations in paragraphs 1-39 of the complaint as if fully set forth herein.

41. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 41 are denied.

42. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 42 are denied.

43. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 43 are denied.

44. Defendants have insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis deny the allegations.

45. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 45 are denied.

46. Denied.

## FIFTH CLAIM FOR RELIEF

**Avoidance and Recovery of Constructive Voidable Transactions – State Law**

47. Defendants incorporate their responses to the allegations in paragraphs 1-46 of the complaint as if fully set forth herein.

48. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 48 are denied.

49. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 49 are denied.

50. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 50 are denied.

51. Defendants have insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis deny the allegations.

52. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 51 are denied.

53. Denied.

## SIXTH CLAIM FOR RELIEF

### Sale of Unregistered Securities (Securities Act Sections 5(a), 5(c), 12(a))

54. Defendants incorporate their responses to the allegations in paragraphs 1-53 of the complaint as if fully set forth herein.

55. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 55 are denied.

56. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 56 are denied.

57. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 57 are denied.

58. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 58 are denied.

59. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 59 are denied.

60. Denied.

## SEVENTH CLAIM FOR RELIEF

### Fraud

61. Defendants incorporate their responses to the allegations in paragraphs 1-60 of the complaint as if fully set forth herein.

62. Denied.

63. Defendants have insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis deny the allegations.

64. Denied.

65. Defendants have insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis deny the allegations.

66. Denied.

## EIGHTH CLAIM FOR RELIEF

### Aiding and Abetting Fraud

67. Defendants incorporate their responses to the allegations in paragraphs 1-66 of the complaint as if fully set forth herein.

68. Defendants have insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis deny the allegations.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

73. The Complaint fails to state a claim against Defendants upon which relief may be granted.

### Second Affirmative Defense

74. Any transfers to the Defendants were not transfers of the Debtors' property.

### Third Affirmative Defense

75. The claims set forth in the Complaint are barred under the doctrines of waiver, laches, unclean hands, *in pari delicto*, and/or estoppel.

### Fourth Affirmative Defense

76. Any transfer made by the Debtors to the Defendants was made in exchange for reasonably equivalent value.

### Fifth Affirmative Defense

77. The Debtors were solvent at all times relevant hereto.

### Sixth Affirmative Defense

78. The Debtors were not made insolvent as a result of any transaction described herein.

### Seventh Affirmative Defense

79. Any transfer described in the Complaint was made to Defendants in payment of a debt in good faith, and without knowledge of the avoidability of the alleged transfer pursuant to 11 U.S.C. § 550(b).

### Eighth Affirmative Defense

80. The Defendants reserve the right to assert other defenses in this action and reserve the right to file an Amended Answer asserting additional affirmative defenses.

### Jury Trial Demand

81. Defendants Demand a Jury Trial in this Action.

**WHEREFORE**, Defendants request entry of judgment dismissing the Complaint with prejudice, that Defendants be reimbursed for their costs and attorneys' fees incurred in responding to the Complaint, and ask that the Court grant such other and further relief as may be just and proper.

Dated: July 28, 2020
Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

*/s/ Jason A. Gibson*
Frederick B. Rosner (DE 3995)
Jason A. Gibson (DE 6091)
824 N. Market St., Suite 810
Wilmington, Delaware 19801
Tel: (302) 777-1111
Email: rosner@teamrosner.com
gibson@teamrosner.com

and

**THE SARACHEK LAW FIRM**
Joseph E. Sarachek (NY Bar No. 2163228)
101 Park Avenue, 27th Floor
New York, NY 10178
Tel: (646) 517-5420 x101
Fax: (646) 861-4950
Email: joe@sarracheklawfirm.com

*Counsel for the Defendants*